TUCKER ELLIS LLP
MONEE TAKLA HANNA (SBN 259468)
monee.hanna@tuckerellis.com
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
Telephone:  213.430.3400
Facsimile:  213.430.3409

TUCKER ELLIS LLP
DUSTIN B. RAWLIN (*pro hac vice application forthcoming*)
dustin.rawlin@tuckerellis.com
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:  216.592.5009

Attorneys for Defendant
MENTOR WORLDWIDE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETT SMITH,<br><br>        Plaintiff,<br><br>   vs.<br><br>AMERICAN MEDICAL SYSTEMS, INC. *which will do business in California as* DE AMERICAN MEDICAL SYSTEMS, INC.; CALDERA MEDICAL, INC.; COLOPLAST A/S; COLOPLAST CORP; COLOPLAST MANUFACTURING, US, LLC; ENCISION, INC.; ENDO HEALTH SOLUTIONS, INC. *f/k/a* ENDO PHARMACEUTICALS HOLDINGS, INC., ENDO PHARMACEUTICALSM INC.; MENTOR WORLDWIDE, LLC; and DOES 1-100 INCLUSIVE,<br><br>        Defendants. | **CASE NO.:**  2:19-cv-05791<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANT MENTOR WORLDWIDE LLC**<br><br>**JURY TRIAL DEMANDED**<br><br>[Filed concurrently with Declaration of Monee Takla Hanna and Notice of Interested Parties] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Mentor Worldwide LLC ("Mentor") removes this action from the Superior Court of the State of California, County of Santa Barbara, to the United States District Court for the Central District of California. The United States District Court for the Central District of California has original subject-matter jurisdiction over this civil action under 28 U.S.C. §§ 1332(a) and 1441 because there is complete diversity among all properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

In support of removal, Mentor further states:

1. On January 8, 2019, Plaintiff Bridgett Smith ("Plaintiff") filed a case styled *Bridgett Smith v. American Medical Systems, Inc., et al.* Case No. 19CV-00126, in the Superior Court of the State of California, County of Santa Barbara. On February 11, 2019, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff seeks to recover damages for personal injuries allegedly suffered as a consequence of having been treated with Mentor's ObTape suburethral sling and has asserted claims for strict liability (failure to warn), strict liability (design defect), negligence, breach of implied warranty, breach of express warranty, deceit by concealment, negligent misrepresentation, intentional misrepresentation, and loss of consortium. *See* FAC ¶¶ 19, 52-121, Exhibit A to the Declaration of Monee Takla Hanna ("Hanna Decl.").

**I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1332(a).**

2. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.       The Amount-in-Controversy Requirement Is Satisfied.**

3.       Under 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

4.       A removing defendant need only "include[] 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).  And "the amount pleaded by the defendant should be generally accepted if made in good faith." *Garcia v. Wal-Mart Stores, Inc.*, 2016 WL 6068104, at *3 (C.D. Cal. Oct. 14, 2016).  In the event a defendant's amount-in-controversy allegation is questioned, the court must provide the parties with an opportunity to submit evidence and then decide whether the preponderance of that evidence shows that the amount in controversy is met.  *See Dart Cherokee*, 135 S. Ct. at 554; *Ibarra*, 775 F.3d at 1195 (9th Cir. 2015); *accord Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (explaining that a district court has no authority to remand a removed action *sua sponte* based on a purported procedural defect in the notice of removal); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (same).

---

[1] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011).  Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

5. It is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

6. This is an action for personal injuries allegedly caused by Mentor's ObTape. *See* FAC ¶ 44. Plaintiff alleges that as a direct result of defects in Mentor's ObTape, she "has experienced significant mental and physical pain and suffering, has sustained permanent injury, will likely undergo further corrective surgery, autoimmune disorders, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and has endured impaired physical relations." *Id.* Accordingly, Plaintiff seeks damages including past and future "general" damages, past and future economic and special damages, past and future medical expenses, and for loss of earnings and impaired earning capacity, permanent disability, pain and suffering, past and future mental and emotional distress, and loss of consortium. *Id.*, "Relief Requested," ¶¶ 1-6.

7. It is plain based on these allegations that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g.*, *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291 at *2 (E.D. Cal. Mar. 17, 2006) (apparent from complaint that amount in controversy met where plaintiffs asserted strict products liability, negligence, and breach of warranty claims and complaint sought compensatory damages for wage loss, hospital and medical expenses, general damage, and loss of earning capacity); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008) (finding amount in controversy established by "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework").

8. In addition, Plaintiff seeks punitive or exemplary damages, which are "part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see* FAC ¶¶ 57, 79, 85, 90, 96, 105, 114; *id.* "Relief Requested" ¶ 7.

9. In short, considering the nature of the injuries Plaintiff alleges and her request for damages, including punitive damages, it is clear that the amount-in-controversy requirement is met.

**B.     Complete Diversity of Citizenship Exists Among Plaintiff and All Properly Joined and Served Defendants.**

10. Plaintiff alleges that she is a citizen of California. *See* FAC ¶ 6.

11. Mentor is a limited liability company organized and existing under the laws of the State of Delaware. Mentor's sole member is, and was at the time the Complaint was filed, Ethicon, Inc. ("Ethicon"). Ethicon is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Accordingly, Ethicon is a citizen of New Jersey. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Hale v. Mastersoft Int'l Pty. LTD*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) (explaining that "courts . . . have uniformly held that a limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state[,]" and holding that limited liability company organized in Delaware, whose two members were Colorado citizens, was a citizen only of Colorado and not Delaware for purposes of determining whether diversity jurisdiction existed) (citing supporting authority). Accordingly, for purposes of section 1332(c)(1), Mentor is a citizen of the State of New Jersey.

12. Defendant American Medical Systems, Inc. ("AMS"), is alleged to be a Delaware corporation with its principal place of business in Minnesota. *See* FAC ¶ 7.

13. Defendant Coloplast A/S is alleged to be a Denmark Corporation with its North American principal place of business in Minnesota. Defendant Coloplast Corp. is

alleged to be a Delaware corporation with its principal place of business in Minnesota. Defendant Coloplast Manufacturing U.S. LLC is alleged to be a Minnesota corporation with its principal place of business in Minnesota. *Id.* ¶¶ 9-10.

14. Defendant Encision is alleged to be a Colorado corporation with its principal place of business in Colorado. *Id.* ¶ 11.

15. Defendant Endo Health Solutions, Inc. and Defendant Endo Pharmaceuticals, Inc. are alleged to be Delaware corporations with their principal places of business in Pennsylvania. *Id.* ¶ 12.

16. The citizenship of named Defendants "DOES 1-100" is irrelevant for purposes of determining whether this action is removable on the basis of diversity jurisdiction. *See* 28 U.S.C.A. 1441(b) (citizenship of defendants sued under fictitious names shall be disregarded); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1527 (9th Cir. 1989) (recognizing "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction").

### 1. **Caldera Medical Is Fraudulently Joined**

17. Pursuant to 28 U.S.C. § 1441(b), diversity jurisdiction is proper "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added); *see also Grancare LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548-50 (9th Cir. 2018) (explaining that fraudulent joinder applies if there is no possibility that the plaintiff could recover on her claims against the non-diverse defendant in state court); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

18. In determining whether a party is fraudulently joined for purposes of removal, courts may consider facts outside the pleadings. *See, e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (emphasizing that "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder is fraudulent") (citing *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987)); *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1226 (E.D. Cal. 2005) (similar).

19. Defendant Caldera Medical, Inc. ("Caldera") is alleged to be a California citizen. FAC ¶ 8. However, Caldera is fraudulently joined because Plaintiff admits that, despite her allegation within the FAC (*see* FAC ¶ 19), she was *not* implanted with Caldera's product. *See* 5/9/2019 Email K. Sharp to D. Rawlin, attached as Exhibit B to Hanna Decl. (email from paralegal for plaintiff's counsel, copying plaintiff's counsel, confirming that Plaintiff had Mentor's ObTape implanted in 2004 and removed in 2017, but was not implanted with the Caldera T-Sling). Thus, her claims in this action do not arise from Caldera's product and there is "no reasonable possibility" that Plaintiff could recover against Caldera.[2] Accordingly, Caldera's citizenship must be ignored for purposes of determining the propriety of removal. *See Allen v. Eli Lilly & Co.*, 2010 WL 3489366, at *1-2 (S.D. Cal. Sept. 2, 2010); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Ritchey*, 139 F.3d at 1318 ("It is commonplace that fraudulently joined defendants will not defeat removal on diversity jurisdiction grounds.").

20. In short, diversity of citizenship of all properly joined and served parties (*e.g.*, Plaintiff and Mentor) exists under 28 U.S.C. § 1332. Thus, complete diversity of citizenship exists between the parties.

## II. **MENTOR HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

21. Mentor was served with a copy of the Summons and Complaint on June 7, 2019. (Hanna Decl. ¶ 3.) Therefore, this removal is timely under 28 U.S.C. § 1446(b)(2)(B) because it is filed within 30 days of Mentor's receipt of the summons and initial pleading filed in state court.

22. The Superior Court of the State of California, County of Santa Barbara, is located in the Central District of California, 28 U.S.C. § 84(c), and venue for this action is

---

[2] Indeed, while it is not necessary for removal purposes, Mentor notes that the *only* product Plaintiff identifies as causing her alleged injuries is Mentor's ObTape. Plaintiff does not identify a product manufactured by any other named Defendant. Thus, the remaining named Defendants—the Endo, AMS, Coloplast, and Encision entities—are likewise fraudulently joined.

proper in this Court under 28 U.S.C. § 1441(a) because the Central District of California embraces the place in which the removed action was pending.

23. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, and orders served upon Mentor.

24. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the consent of the remaining named Defendants is not required here because no co-Defendant has been properly joined and served with Plaintiff's Complaint or FAC. *See supra*, ¶¶ 19-20. Nonetheless, Mentor has received the consent of the American Medical Systems, Inc. (n/k/a Astora Women's Health, LLC), Endo Pharmaceuticals, Inc., Endo Health Solutions, Inc., Caldera Medical, Inc., Coloplast Corp. and Coloplast Manufacturing US, LLC Defendants, copies of which are attached as Exhibit C to the Hanna Declaration.

25. Under 28 U.S.C. 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of California, County of Santa Barbara.

26. No previous application has been made for the relief requested herein.

27. By removing this action to this Court, Mentor and the remaining co-Defendants consenting to removal ("Defendants") do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or to seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

**WHEREFORE**, Mentor gives notice that the matter bearing civil action number 19CV-00126 currently pending in the Superior Court of the State of California, County of Santa Barbara, is removed to this Court under 28 U.S.C. §§ 1441.

DATED:  July 3, 2019              TUCKER ELLIS LLP

By: */s/ Monee Takla Hanna*
Monee Takla Hanna
Attorneys for Defendant
MENTOR WORLDWIDE LLC

## **DEMAND FOR JURY TRIAL**

Defendant Mentor Worldwide LLC hereby demands trial by jury in this action.

DATED:  July 3, 2019              Tucker Ellis LLP

By: */s/ Monee Takla Hanna*
Monee Takla Hanna
Attorney for Defendant
MENTOR WORLDWIDE LLC